UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NICHOLAS A. FETTY, ET AL.**

**VERSUS**

**THE LOUISIANA STATE BOARD
OF PRIVATE SECURITY EXAMINERS,
ET AL.**

**CIVIL ACTION**

**NO. 18-517-JWD-EWD**

### ORDER REGARDING BOARD MEMBERS' AND STATE DEFENDANTS' MOTIONS TO DISMISS (DOCS. 64 and 65)

Local Rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion.

In the present case, on July 6, 2020, Defendants Ritchie Rivers, Mark A. Williams, Marian H. Pierre, Wilbert Sanders, Jr., Ector Echegoyen, Maria V. Landry, Edward Robinson, Sr., Durell P. Pellegrin, and Misty Finchum (collectively, the "Board Members") filed a *Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to F.R.C.P. 12(B)(5) and (12)(B)(6)* (the "*Board Members' Motion*") (Doc. 64) in which they argue that the claims against them should be dismissed for insufficient service of process and for failure to state legally cognizable claims. Additionally, on the same day, Defendants Jeff Landry and James M. LeBlanc (the "State Defendants") also filed a *Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to F.R.C.P. (12)(B)(6)* (the "*State Defendants' Motion*") (Doc. 65) in which they argue that the operative complaint fails to allege sufficient facts to maintain legally cognizable claims against them. A review of the record shows that far more than twenty-one (21) days have elapsed since the filing of this motion, and no memorandum in opposition has been submitted to date. Further, the record reveals that Plaintiffs have not sought an extension of time to oppose the State Defendants and Board Members' motions.

Therefore, the *Board Members' Motion* and the *State Defendants' Motion* are deemed to be unopposed and further, after reviewing the record, the Court finds that both motions have merit based on the allegations of the *Second Amended and Supplemental Complaint* (Doc. 55). Accordingly,

**IT IS HEREBY ORDERED** that the Board Members' *Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to F.R.C.P. 12(B)(5) and (12)(B)(6)* (Doc. 64) and the State Defendants' *Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to F.R.C.P. (12)(B)(6)* (Doc. 65) are **GRANTED** and that the claims by Plaintiffs Nicholas A. Fetty and Delta Tactical LLC against defendants Ritchie Rivers, Mark A. Williams, Marian H. Pierre, Wilbert Sanders, Jr., Ector Echegoyen, Maria V. Landry, Edward Robinson, Sr., Durell P. Pellegrin, Misty Finchum, Jeff Landry, and James LeBlanc as asserted in the *Second Amended and Supplemental Complaint* (Doc. 55) are hereby **DISMISSED WITH PREJUDICE**.

Any response to this *Ruling* <u>explaining the failure to comply with the deadline</u>, based on the appropriate Federal Rule of Civil Procedure, shall be filed within fourteen (14) days and must be accompanied by opposition memoranda to the original *Board Members' Motion* and *State Defendants' Motion*.

Counsel for Plaintiff is cautioned that the Fifth Circuit has routinely concluded that calendaring errors do not constitute "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1). *See, e.g., Buckmire v. Mem'l Hermann Healthcare Sys. Inc*., 456 F. App'x 431, 432 (5th Cir. 2012) (affirming the district court's denial of a Rule 60(b)(1) motion where the lawyer "forgot to 'calendar' the deadline for a response"); *cf. Brittingham v. Wells Fargo Bank, N.A*., 543 F. App'x 372, 374 (5th Cir. 2013) ("We have previously held that a district court does not abuse its

discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel.").

        **IT IS SO ORDERED**.

        Signed in Baton Rouge, Louisiana, on September 3, 2020.

        **JUDGE JOHN W. deGRAVELLES**
        **UNITED STATES DISTRICT COURT**
        **MIDDLE DISTRICT OF LOUISIANA**